UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GINGER BROWN,

                Plaintiff,

      - against -

MIDLAND CREDIT MANAGEMENT,

                Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-1184 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On February 15, 2024, Plaintiff Ginger Brown ("Plaintiff") initiated this action, alleging that Defendant Midland Credit Management ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by not honoring her preferred form of communication selection. (*See generally* Dkt. 1.) On February 16, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of standing based on the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). (2/16/24 Order to Show Cause.) Plaintiff and Defendant both filed responses to the Court's Show Cause Order. (Dkts. 7, 8.) Having reviewed the Parties' submissions and the relevant law, the Court finds that Plaintiff lacks standing to bring suit in federal court and dismisses the complaint.

## BACKGROUND

In her complaint, Plaintiff alleges that she is a consumer and has debt as defined by the FDCPA, 15 U.S.C. § 1692a. (Compl., Dkt. 1, ¶¶ 8, 10.) Defendant "is a post-default purchaser of consumer debts" and is a licensed debt collector as defined by 15 U.S.C. § 1692a. (*Id.* ¶¶ 11, 17–18.) As a debt collector, Defendant is "engaged in the collection of debt from consumers" (including debts due to other companies) through the United States Postal Service ("USPS") and over the telephone. (*Id.* ¶ 19.)

On or about December 2023, Plaintiff noticed on her credit report that she had a balance of $523 due to Comenity Bank. (*See id.* ¶¶ 21–22.) Then, on or about January 2, 2024, Plaintiff mailed a letter to Defendant explaining that "the only convenient way [for Defendant] to contact her was via electronic mail." (*Id.* ¶¶ 23–24.) Plaintiff provided her email address within the letter. (*Id.* ¶ 24.)

On or about January 12, 2024, Plaintiff received a letter, via regular mail, from Defendant indicating that it had received Plaintiff's letter and that Defendant understood that Plaintiff was "inquiring about or requesting documentation about the accuracy of [its] records concerning [her] account." (*Id.* ¶¶ 26–27.) Plaintiff alleges that Defendant violated the FDCPA's communication provisions, 15 U.S.C. § 1692c(a), by contacting Plaintiff through the USPS, a method of communication that Plaintiff had already informed Defendant was "inconvenient." (*See* Compl. ¶¶ 31–32.) Plaintiff further alleges that as a result of the inconvenient communication, she "has suffered actual damages . . . in the form of invasion of privacy, intrusion upon seclusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, humiliation and . . . other negative emotions." (*Id.* ¶ 28.)

## DISCUSSION

Plaintiff argues that she has standing to bring her claim in federal court because the inconvenient communication she received "intruded upon her seclusion and invaded her privacy . . . which upset, distressed and alarmed her." (Dkt. 7 at 7.) Defendant's cryptic response seems to simply acknowledge the possibility that Plaintiff *might* have standing to bring her FDCPA claim in this court, (*see* Dkt. 8 at 2 ("At this early stage in the litigation, . . . it appears Plaintiff is *claiming* she suffered a concrete injury for which she now seeks to be compensated that could give

2

rise to Article III standing.")), without actually taking a position on whether Plaintiff has sufficiently alleged injury for purposes of Article III standing, *id.*

To establish Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). An injury in fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). If a plaintiff lacks Article III standing, a federal court has no subject matter jurisdiction to hear their claim. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005).

As this Court explained in its Order to Show Cause on February 16, 2024:

> [In] 2021, . . . the Supreme Court decided *TransUnion LLC v. Ramirez*, clarifying that, even where a defendant violates a statute such as the FDCPA, the plaintiff has not necessarily suffered an injury-in-fact sufficient to establish Article III standing. [594 U.S. 413, 425–27] (2021)[ ] ("[A]n important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law."). Since *TransUnion*, courts in this Circuit, including this one, have applied that principle to the types of facts alleged here and found that plaintiffs had not suffered injuries-in-fact and thus did not have standing to sue in federal court. *See, e.g., Nojovits v. Ceteris Portfolio Servs., LLC*, No. 22-CV-2833 (PKC) (CLP), 2022 WL 2047179, at *2 (E.D.N.Y. June 7, 2022) (finding no standing where plaintiff alleged "fear, anxiety, stress, increased heartrate, and difficulty with sleep" from receiving a debt collection letter); *Kola v. Forster & Garbus LLP*, No. 19-CV-10496 (CS), 2021 WL 4135153, at *1, 7 (S.D.N.Y. Sept. 10, 2021) (explaining that merely receiving a misleading or confusing letter under the FDCPA does not establish an injury-in-fact).

As the Court explained at that time, FDCPA cases that are dismissed from federal court for lack of standing can still "be brought in state courts, which have jurisdiction to enforce the FDCPA and are not bound by the injury-in-fact requirement of Article III of the Constitution." (2/16/2024 Order to Show Cause (citing *Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 145 (E.D.N.Y. 2021);

3

*Ciccone v. Cavalry Portfolio*, No. 21-CV-2428 (JS) (JMW), 2021 WL 5591725, at *3 (E.D.N.Y. Nov. 29, 2021)).).

Plaintiff lacks standing to bring her FDCPA claim in federal court. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue . . . in federal court." *TransUnion*, 594 U.S. at 427. While *TransUnion* recognized that intangible harms such as "disclosure of private information, and intrusion upon seclusion"—which Plaintiff alleges here, (Compl., Dkt. 1, ¶ 28)—can be concrete, *TransUnion*, 594 U.S. at 425, the Court finds that Plaintiff's alleged privacy injuries do not constitute concrete harms. For a privacy harm to rise to the level of stating a claim for intrusion upon seclusion, the alleged intrusion must "be highly offensive to a reasonable person." *Salazar v. Nat'l Basketball Assoc.*, No. 22-CV-7935 (JLR), 2023 WL 5016968, at *6 (S.D.N.Y. Aug. 7, 2023) (citing Restatement (Second) of Torts § 652B (1977)). Similarly, common law invasion of privacy claims typically require a disclosure of private information that "would be highly offensive to a reasonable person." *Cavazzini*, 574 F. Supp. 3d at 141–42 (citing Restatement (Second) of Torts § 652D (1977)). Plaintiff, however, has not pleaded any injury that would be highly offensive to a reasonable person. Indeed, here, there is no alleged disclosure of private information, and the Court cannot conclude that Defendant's transmission of the January 2, 2024, letter to Plaintiff via USPS as opposed to via email, would be highly offensive to a reasonable person.

In addition, Plaintiff's "perfunctory allegation[s] of emotional distress" alone are "insufficient to plausibly allege constitutional standing." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021). Here, Plaintiff pleads no facts that "make it plausible that [she] did indeed suffer the sort of [emotional] injury that would entitle [her] to relief." *See id.* at

4

65–66 (quoting *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018) (internal quotation marks omitted)).

## CONCLUSION

Because Plaintiff has failed to allege any concrete injury, she does not have Article III standing, and the Court therefore lacks jurisdiction over this matter. The complaint is dismissed without prejudice. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 15, 2024
       Brooklyn, New York